FILED BY **KS** D.C.

**Aug 19, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 21-20434-CR-MARTINEZ/BECERRA

CASE NO. _____

18 U.S.C. § 371
8 U.S.C. § 1325(c)
8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II), and (B)(i)
18 U.S.C. § 982(a)(6)

UNITED STATES OF AMERICA

v.

YAMIRA SANCHEZ,
GENNARO DI TOMMASO,
YANEISI OSORIO RODRIGUEZ,
MASSIMILLANO DI NAPOLI,
EMILY PEREZ,
FERNANDO SIVO,
JAILEEN DOMINGUEZ,
ALESSIO SARNO,
ELIZABETH PENALVER,
VINCENZO LOPOPOLO, and
LOI TORRIENTE,

       **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1.      The Immigration and Nationality Act ("INA") governed the immigration laws of the United States.

2.      U.S. Citizenship and Immigration Services ("USCIS") was an agency of the U.S. Department of Homeland Security and was charged with processing applications for immigration benefits such as lawful permanent residence.

3.      Pursuant to the INA, non-citizens of the United States ("aliens") were not permitted to permanently reside in the United States unless they were lawful permanent residents.

4.      Pursuant to the INA, an alien could immediately adjust his/her status to a lawful permanent resident ("LPR") based on a marriage to a United States citizen. However, if an alien married an LPR, the alien had to wait a period of time before adjusting his/her immigration status.

5.      One exception to the normal wait times for adjustment of status for an alien married to a LPR was the Cuban Adjustment Act ("CAA"). Generally, pursuant to the CAA, an alien married to a Cuban citizen could immediately adjust his/her status to a LPR regardless of his/her country of citizenship as long as the alien was married to the Cuban citizen at the time of the adjustment of status by USCIS.

6.      USCIS Form I-130 ("Petition for Alien Relative") and USCIS Form I-485 ("Application to Register Permanent Residence or Adjust Status") ~~is~~ filed to adjust the status of a spouse or other relative.   The person filing the petition is known as the "Petitioner" and the relative on whose behalf the petition is filed is known as the "Beneficiary." Once USCIS approves an adjustment application for lawful permanent residence, the agency issues the alien a Permanent Resident Card (Form 1-551). The Permanent Resident Card authorizes the alien to permanently reside and lawfully work in the United States.

7.      **YAMIRA SANCHEZ**, a resident of Miami-Dade County, was the owner of Immigration Consultant and Immigration Corp., a company that purported to help individuals properly prepare immigration applications, including USCIS Form I-130.

8.      **YANEISI   OSORIO   RODRIGUEZ,   EMILY   PEREZ,   JAILEEN DOMINGUEZ, ELIZABETH PENALVER, LOI TORRIENTE,** Co-Conspirator-1, and Co-

Conspirator-2, were residents of Miami-Dade County and were either U.S. citizens or Lawful Permanent Residents of the United States.

9.      **GENNARO DI TOMMASO, MASSIMILLANO DI NAPOLI, FERNANDO SIVO, ALESSIO SARNO, VINCENZO LOPOPOLO,** Co-Conspirator-3, and Co-Conspirator-4, were residents of Miami-Dade County that were Italian citizens.

**COUNT 1**
**Conspiracy to Defraud the United States and Commit Marriage Fraud**
**(18 U.S.C. § 371)**

1.      Paragraphs 1 through 9 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      Beginning in or around April 2015, the exact date being unknown to the Grand Jury, and continuing through on or about December 4, 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**YAMIRA SANCHEZ,**
**GENNARO DI TOMMASO,**
**YANEISI OSORIO RODRIGUEZ,**
**MASSIMILLANO DI NAPOLI,**
**EMILY PEREZ,**
**FERNANDO SIVO,**
**JAILEEN DOMINGUEZ,**
**ALESSIO SARNO,**
**ELIZABETH PENALVER,**
**VINCENZO LOPOPOLO, and**
**LOI TORRIENTE,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to knowingly defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the United States Customs and Immigration Service in its administration and oversight of the immigration laws of the United States, and to commit certain offenses against the United States, that is, to violate Title

3

8, United States Code, Section 1325(c), by knowingly and willfully entering into marriages for the purpose of evading a provision of the immigration laws of the United States.

### PURPOSE OF THE CONSPIRACY

3.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by arranging false and fraudulent marriages between United States citizens and lawful permanent residents and aliens in return for payment, and to obtain immigration benefits by interfering with and obstructing USCIS in its administration of the immigration laws of the United States.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

4.     **YAMIRA SANCHEZ** and other co-conspirators recruited **YANEISI OSORIO RODRIGUEZ, EMILY PEREZ, JAILEEN DOMINGUEZ, ELIZABETH PENALVER, LOI TORRIENTE,** and others to enter into false and fraudulent marriages with Beneficiary aliens **GENNARO DI TOMMASO, MASSIMILLANO DI NAPOLI, FERNANDO SIVO, ALESSIO SARNO, VINCENZO LOPOPOLO,** and others.

5.     **YANEISI OSORIO RODRIGUEZ, EMILY PEREZ, JAILEEN DOMINGUEZ, ELIZABETH PENALVER, LOI TORRIENTE,** and others entered into these false and fraudulent marriages in exchange for payment.

6.     **GENNARO DI TOMMASO, MASSIMILLANO DI NAPOLI, FERNANDO SIVO, ALESSIO SARNO, VINCENZO LOPOPOLO,** and others entered into these false and fraudulent marriages in exchange for eligibility to adjust status.

7.      **YAMIRA SANCHEZ** and co-conspirators prepared and filed false and fraudulent immigration paperwork, notarized the marriage licenses, memorialized the marriages, sought legal status for the Beneficiary aliens in the United States and prepared both the Petitioners and ~~Beneficiaries~~ *Citizenship (AUSA MBV) J.S.* for the interviews conducted by the United States Customs and Immigration Services.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose and object thereof, the defendants and their co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.      In or around April 2015, **YAMIRA SANCHEZ** introduced "Co-Conspirator-1," a Lawful Permanent Resident, to "Co-Conspirator-3," an alien, for the purpose of entering into a false and fraudulent marriage.

2.      On or about May 1, 2015, Co-Conspirator-1 and Co-Conspirator-3 entered into a false and fraudulent marriage to obtain legal status for Co-Conspirator-1 without complying with the immigration laws of the United States.

3.      On or about May 1, 2015, **YAMIRA SANCHEZ** falsely and fraudulently notarized a Certificate of Marriage between Co-Conspirator-1 and Co-Conspirator-3.

4.      On or about April 15, 2016, **YAMIRA SANCHEZ** introduced "Co-Conspirator-2," a Lawful Permanent Resident, to "Co-Conspirator-4," an alien, for the purpose of entering into a false and fraudulent marriage.

5.      On or about April 15, 2016, Co-Conspirator-2 and Co-Conspirator-4 entered into a false and fraudulent marriage to obtain legal status for Co-Conspirator-2 without complying with the immigration laws of the United States.

6.      On or about April 15, 2016, **YAMIRA SANCHEZ** falsely and fraudulently notarized a Certificate of Marriage between Co-Conspirator-2 and Co-Conspirator-4.

7.      In or around September 2017, Co-Conspirator-5 introduced **YANEISI OSORIO RODRIGUEZ**, a Lawful Permanent Resident, to **GENNARO DI TOMMASO**, an alien, for the purpose of entering into a false and fraudulent marriage.

8.      On or about September 27, 2017, **YANEISI OSORIO RODRIGUEZ** accepted payment in the approximate amount of $4,000 from Co-Conspirator-5 for entering into the false and fraudulent marriage with **GENNARO DI TOMMASO**.

9.      On or about September 28, 2017, **YANEISI OSORIO RODRIGUEZ** and **GENNARO DI TOMMASO** entered into a false and fraudulent marriage to obtain legal status for **DI TOMMASO** without complying with the immigration laws of the United States.

10.      On or about September 28, 2017, **YAMIRA SANCHEZ** falsely and fraudulently notarized a Certificate of Marriage between **YANEISI OSORIO RODRIGUEZ** and **GENNARO DI TOMMASO**.

11.      In or around October 2017, Co-Conspirator-5 introduced **EMILY PEREZ**, a United States Citizen, to **MASSIMILLANO DI NAPOLI**, an alien, for the purpose of entering into a false and fraudulent marriage.

12.      On or about November 6, 2017, **EMILY PEREZ** accepted payment in the approximate amount of $4,000 from **MASSIMILLANO DI NAPOLI** for entering into the false and fraudulent marriage.

13.      On or about November 6, 2017, Co-Conspirator-5 introduced **EMILY PEREZ**, a United States citizen, to **YAMIRA SANCHEZ**, for the purpose of arranging a false and fraudulent marriage between **PEREZ** and **MASSIMILLANO DI NAPOLI**.

14.     On or about November 6, 2017, **EMILY PEREZ** and **MASSIMILLANO DI NAPOLI** entered into a false and fraudulent marriage to obtain legal status for **DI NAPOLI** without complying with the immigration laws of the United States.

15.     On or about November 6, 2016, **YAMIRA SANCHEZ** falsely and fraudulently notarized a Certificate of Marriage between **EMILY PEREZ** and **MASSIMILLANO DI NAPOLI**.

16.     In or around March 2018, Co-Conspirator-5 introduced **JAILEEN DOMINGUEZ**, a United States Citizen, to **FERNANDO SIVO**, an alien, for the purpose of entering into a false and fraudulent marriage.

17.     On or about April 4, 2018, **JAILEEN DOMINGUEZ** accepted payment in the approximate amount of $2,000 from Co-Conspirator-5 for entering into the false and fraudulent marriage with **FERNANDO SIVO**.

18.     On or about April 4, 2018, Co-Conspirator-5 introduced **JAILEEN DOMINGUEZ**, a United States Citizen, to **YAMIRA SANCHEZ**, for the purpose of arranging a false and fraudulent marriage between **DOMINGUEZ** and **FERNANDO SIVO**.

19.     On or about April 4, 2018, **JAILEEN DOMINGUEZ** and **FERNANDO SIVO** entered into a false and fraudulent marriage to obtain legal status for **SIVO** without complying with the immigration laws of the United States.

20.     On or about April 4, 2018, **YAMIRA SANCHEZ** falsely and fraudulently notarized a Certificate of Marriage between **JAILEEN DOMINGUEZ** and **FERNANDO SIVO**.

21.     In or around June 2018, Co-Conspirator-5 introduced **ELIZABETH PENALVER**, a United States Citizen, to **ALESSIO SARNO**, an alien, for the purpose of entering into a false and fraudulent marriage.

22.     On or about July 20, 2018, Co-Conspirator-5 introduced **ELIZABETH PENALVER**, a United States Citizen, to **YAMIRA SANCHEZ**, for the purpose of arranging a false and fraudulent marriage between **PENALVER** and **ALESSIO SARNO**.

23.     On or about July 20, 2018, **ELIZABETH PENALVER** and **ALESSIO SARNO** entered into a false and fraudulent marriage to obtain legal status for **SARNO** without complying with the immigration laws of the United States.

24.     On or about July 20, 2018, **YAMIRA SANCHEZ** falsely and fraudulently notarized a Certificate of Marriage between **ELIZABETH PENALVER** and **ALESSIO SARNO**.

25.     On or about July 22, 2018, **ELIZABETH PENALVER** accepted payment in the approximate amount of $4,000 from Co-Conspirator-5 for entering into the false and fraudulent marriage with **ALESSIO SARNO**.

26.     In or around August 2018, Co-Conspirator-5 introduced **LOI TORRIENTE**, a Lawful Permanent Resident, to **VINCENZO LOPOPOLO**, an alien, for the purpose of entering into a false and fraudulent marriage.

27.     On or about September 16, 2018, Co-Conspirator-5 introduced **LOI TORRIENTE**, a Lawful Permanent Resident, to **YAMIRA SANCHEZ**, for the purpose of arranging a false and fraudulent marriage between **TORRIENTE** and **VINCENZO LOPOPOLO**.

28.     On or about September 16, 2018, **LOI TORRIENTE** and **VINCENZO LOPOPOLO** entered into a false and fraudulent marriage to obtain legal status for **LOPOPOLO** without complying with the immigration laws of the United States.

29.     On or about September 16, 2018, **YAMIRA SANCHEZ** falsely and fraudulently notarized a Certificate of Marriage between **LOI TORRIENTE** and **VINCENZO LOPOPOLO**.

30.     On or about September 16, 2018, **LOI TORRIENTE** accepted payment in the approximate amount of $4,000 from Co-Conspirator-5 for entering into the false and fraudulent marriage with **VINCENZO LOPOPOLO**.

31.     On or about December 3, 2018, Co-Conspirator-4 instructed Co-Conspirator-2 to continue to falsely maintain that their marriage was legitimate and not entered into falsely and fraudulently for the purpose of obtaining legal status for Beneficiary-2 without complying with the immigration laws of the United States.

32.     On or about December 4, 2018, **YAMIRA SANCHEZ** instructed Co-Conspirator-2 to continue to falsely maintain that their marriage was legitimate and not entered into falsely and fraudulently for the purpose of obtaining legal status for Co-Conspirator-4 without complying with the immigration laws of the United States.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2–6
### Marriage Fraud
### (8 U.S.C. § 1325(c))

1.      Paragraphs 1 through 9 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants specified as to each count below, did knowingly and unlawfully enter into a marriage for the purpose of evading a provision of the immigration laws of the United States:

| Count | Approximate Date | Defendants |
|---|---|---|
| 2 | September 28, 2017 | **GENNARO DI TOMMASO** and **YANEISI OSORIO RODRIGUEZ** |
| 3 | November 6, 2017 | **MASSIMILLANO DI NAPOLI** and **EMILY PEREZ** |
| 4 | April 4, 2018 | **FERNANDO SIVO** and **JAILEEN DOMINGUEZ** |
| 5 | July 20, 2018 | **ALESSIO SARNO** and **ELIZABETH PENALVER** |
| 6 | September 16, 2018 | **VINCENZO LOPOPOLO** and **LOI TORRIENTE** |

In violation of Title 8, United States Code, Section 1325(c), and Title 18, United States Code, Section 2.

## COUNTS 7–11
### Unlawfully Encouraging An Alien To Reside In The United States
### (8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II), and (B)(i))

1.      Paragraphs 1 through 9 of the general allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants specified as to each count below, did knowingly encourage and induce an alien, as specified below, to reside in the United States, for the purpose of private financial gain, knowing and in reckless disregard of the fact that such residence is and will be in violation of law:

| Count | Approximate Date | Defendants | Alien |
|---|---|---|---|
| 7 | September 28, 2017 | **YAMIRA SANCHEZ** and **YANEISI OSORIO RODRIGUEZ** | Gennaro di Tommaso |
| 8 | November 6, 2017 | **YAMIRA SANCHEZ** and **EMILY PEREZ** | Massimillano di Napoli |
| 9 | April 4, 2018 | **YAMIRA SANCHEZ** and **JAILEEN DOMINGUEZ** | Fernando Sivo |

| 10 | July 20, 2018 | YAMIRA SANCHEZ and ELIZABETH PENALVER | Alessio Sarno |
| 11 | September 16, 2018 | YAMIRA SANCHEZ and LOI TORRIENTE | Vincenzo Lopopolo |

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), (v)(II), and (B)(i), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1.      The allegations in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **YAMIRA SANCHEZ, GENNARO DI TOMMASO, YANEISI OSORIO RODRIGUEZ, MASSIMILLANO DI NAPOLI, EMILY PEREZ, FERNANDO SIVO, JAILEEN DOMINGUEZ, ALESSIO SARNO, ELIZABETH PENALVER, VINCENZO LOPOPOLO,** and **LOI TORRIENTE,** have an interest.

2.      Upon conviction of a violation of Title 8, United States Code, Section 1324 or 1325, or a conspiracy to commit such offense, as alleged in this Indictment, the defendants shall forfeit to the United States of America the following:

   a)  any conveyance, including any vessel, vehicle, or aircraft used in the commission of such violation; and/or

   b)  any property, real or personal,

      i.   that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such violation; and/or

      ii.  that was used to facilitate, or was intended to be used to facilitate, the commission of such violation.

All pursuant to Title 18, United States Code, Section 982(a)(6), and the procedures set forth

in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code,

Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
WILL J. ROSENZWEIG
ASSISTANT UNITED STATES ATTORNEY

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

YAMIRA SANCHEZ, et al.,

_____ Defendants. _____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY\***
**Superseding Case Information:**

Court Division: (Select One)

[✓] Miami   [ ] Key West   [ ] FTL
[ ] WPB   [ ] FTP

New defendant(s)   [ ] Yes   [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) Yes _____
   List language and/or dialect  Spanish and Italian _____

4. This case will take  11-13  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| | (Check only one) | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | [ ] | Petty | | [ ] |
| II | 6 to 10 days | [ ] | Minor | | [ ] |
| III | 11 to 20 days | [✓] | Misdemeanor | | [ ] |
| IV | 21 to 60 days | [ ] | Felony | | [✓] |
| V | 61 days and over | [ ] | | | |

6. Has this case previously been filed in this District Court? (Yes or No)  No _____
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  No _____
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No)  No _____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No)  No _____

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No)  No _____

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No)  No _____

_Will Rosenzweig_

Will J. Rosenzweig

Assistant United States Attorney

Court ID No.   A5502698

*Penalty Sheet(s) attached

REV 3/19/21

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **Yamira Sanchez**

**Case No:**

Count #: 1

   Conspiracy to Commit Marriage Fraud

   18 U.S.C. § 371

**\* Max. Penalty:**     5 years' imprisonment

Counts #: 7-11

   Unlawfully Encouraging An Alien To Reside In The United States

   8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II), and (B)(i)

**\*Max. Penalty:**     10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:** **Gennaro di Tommaso**

**Case No:**

Count #: 1

   Conspiracy to Commit Marriage Fraud

   18 U.S.C. § 371

**\* Max. Penalty:**     5 years' imprisonment

Count #: 2

   Marriage Fraud

   8 U.S.C. § 1325(c)

**\*Max. Penalty:**     5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>Yaneisi Osorio Rodriguez</u>

**Case No**: _____

Count #: 1

    Conspiracy to Commit Marriage Fraud

    18 U.S.C. § 371

**\* Max. Penalty**:    5 years' imprisonment

Count #: 2

    Marriage Fraud

    8 U.S.C. § 1325(c)

**\*Max. Penalty**:    5 years' imprisonment

Count #: 7

    Unlawfully Encouraging An Alien To Reside In The United States

    8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II), and (B)(i)

**\*Max. Penalty**:    10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**  **Massimillano di Napoli**

**Case No:**

Count #: 1

Conspiracy to Commit Marriage Fraud

18 U.S.C. § 371

**\* Max. Penalty:**       5 years' imprisonment

Count #: 3

Marriage Fraud

8 U.S.C. § 1325(c)

**\*Max. Penalty:**       5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: Emily Perez**

**Case No:** _____

Count #: 1

    Conspiracy to Commit Marriage Fraud

    18 U.S.C. § 371

**\* Max. Penalty:**    5 years' imprisonment

Count #: 3

    Marriage Fraud

    8 U.S.C. § 1325(c)

**\*Max. Penalty:**    5 years' imprisonment

Count #: 8

    Unlawfully Encouraging An Alien To Reside In The United States

    8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II), and (B)(i)

**\*Max. Penalty:**    10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  **Fernando Sivo**

**Case No**:

Count #: 1

Conspiracy to Commit Marriage Fraud

18 U.S.C. § 371

**\* Max. Penalty:**        5 years' imprisonment

Count #: 4

Marriage Fraud

8 U.S.C. § 1325(c)

**\*Max. Penalty:**        5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **Jaileen Dominguez**

**Case No:** 

Count #: 1

Conspiracy to Commit Marriage Fraud

18 U.S.C. § 371

**\* Max. Penalty:**        5 years' imprisonment

Count #: 4

Marriage Fraud

8 U.S.C. § 1325(c)

**\*Max. Penalty:**        5 years' imprisonment

Count #: 9

Unlawfully Encouraging An Alien To Reside In The United States

8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II), and (B)(i)

**\*Max. Penalty:**        10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  Alessio Sarno

**Case No:**

Count #: 1

   Conspiracy to Commit Marriage Fraud

   18 U.S.C. § 371

**\* Max. Penalty:**       5 years' imprisonment

Count #: 5

   Marriage Fraud

   8 U.S.C. § 1325(c)

**\*Max. Penalty:**       5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: **Elizabeth Penalver**

**Case No**:

Count #: 1

　Conspiracy to Commit Marriage Fraud

　18 U.S.C. § 371

**\* Max. Penalty:**　　5 years' imprisonment

Count #: 5

　Marriage Fraud

　8 U.S.C. § 1325(c)

**\*Max. Penalty:**　　5 years' imprisonment

Count #: 10

　Unlawfully Encouraging An Alien To Reside In The United States

　8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II), and (B)(i)

**\*Max. Penalty:**　　10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**  Vincenzo Lopopolo

**Case No:**

Count #: 1

Conspiracy to Commit Marriage Fraud

18 U.S.C. § 371

**\* Max. Penalty:**     5 years' imprisonment

Count #: 6

Marriage Fraud

8 U.S.C. § 1325(c)

**\*Max. Penalty:**     5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **Loi Torriente**

**Case No:**

Count #: 1

Conspiracy to Commit Marriage Fraud

18 U.S.C. § 371

**\* Max. Penalty:**        5 years' imprisonment

Count #: 6

Marriage Fraud

8 U.S.C. § 1325(c)

**\*Max. Penalty:**        5 years' imprisonment

Count #: 11

Unlawfully Encouraging An Alien To Reside In The United States

8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II), and (B)(i)

**\*Max. Penalty:**        10 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**